## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CRAIG REID, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BIMBO BAKERIES USA, INC., BIMBO FOOD BAKERIES DISTRIBUTION, LLC,<br><br>Defendants. | 1:23-cv-01969-CPO-MJS |

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff Craig Reid ("Plaintiff") brings this wage and hour class action pursuant to Federal Rule of Civil Procedure 23(b)(3) under New Jersey law on behalf of all others similarly situated who deliver Arnold® bread and related products ("Distributors") in New Jersey to retail stores and other end users for Defendants Bimbo Bakeries USA, Inc. and Bimbo Foods Bakeries Distribution, LLC (collectively "Corporate Defendants" or "Bimbo").

Bimbo removed this class action from New Jersey Superior Court for Burlington County, New Jersey on April 6, 2023. ECF No. 1.

Bimbo has misclassified its Distributors as "independent contractors" when they are, in fact, employees under the law. N.J.A.C. 12:56-16.1; N.J.S.A. 43:21-19(i)(6)(A)(B)(C). Plaintiff alleges that Bimbo has subjected him and the Class members to improper pay deductions in violation of the alleging violations of the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. §§ 34:11-4.1, *et seq*., as well as to the failure to pay the proper overtime premium payments under the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a4; N.J.A.C. 12:56-6.1.

Accordingly, Plaintiff, on behalf of himself and all others similarly situated, seeks all damages available under New Jersey law to recover for the unlawful deductions taken from his

and the Class members' pay, as well as to recover other business expenses they have been required to incur without reimbursement for years. In addition, Plaintiff also seeks unpaid overtime premium pay for the weeks when he and the Class members worked over 40 hours.

## PARTIES

1.      Plaintiff Craig Reid resides at 42 Yorkshire Avenue, West Milford, New Jersey, 07480. Plaintiff is a distributor for Bimbo in and around Bergen County, New Jersey from 2009 until present.

2.      Plaintiff delivered bread and related Bimbo products under the Arnold® bread brand to stores in and around Bergen County, from Bimbo's Wayne, New Jersey depot.

3.      Corporate Defendants are Delaware corporate entities with their principal places of businesses: 255 Business Center Drive, Pennsylvania 19044.

4.      Bimbo is one of the largest bakery companies in the United States; baking and distributing some of "America's favorite bread, bagels, buns, English muffins and sweet baked goods brands" across the country.[1]

5.      Bimbo misclassifies its employees, who deliver bread and related products in New Jersey to retail stores and other end users as independent contractors. Bimbo is and was, at all relevant times, an employer under New Jersey law.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over Corporate Defendants because they are employers under New Jersey law. Upon information and belief, Corporate Defendants have employed over 40 distributors in New Jersey during the Class Period who deliver Bimbo's products in New Jersey. Critically, bread products they deliver is sourced from Corporate Defendants' multiple depot

---

[1] https://www.bimbobakeriesusa.com/about-us (last visited Apr. 20, 2023).

locations in New Jersey, including Plaintiff's depot in Wayne, New Jersey.

7.     This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A), as the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and any member of the New Jersey Class is a citizen of a State different from any Defendant. Plaintiff is a citizen of New Jersey and Corporate Defendants are citizens of Delaware and Pennsylvania. ECF No. 1 ¶ 10.

8.     In Corporate Defendants' Notice of Removal filed on April 6, 2023, Corporate Defendants allege that "the amount in controversy as to Plaintiff's damage claims exceeds $78,804, even before any attorneys' fees are factored into the equation..." and that "there can be no doubt that Plaintiff's allegations establish the amount in controversy exceeds $75,000, exclusive of interests and costs." ECF No. 1 ¶¶ 19-20.

9.     Venue is proper pursuant to 28 U.S.C. § 1441(a). ECF No. 1 ¶ 22.

## FACTS

10.     Bimbo maintains a network of distributors in New Jersey to distribute its bread and related baked good products throughout the State of New Jersey. The common services performed by Plaintiff and other Distributors are integral to Defendants' business. Indeed, Bimbo's website asserts that the company operates 59 bakeries, employs more than 20,000 associates and distributes products through 11,000 sales routes throughout the United States.[2]

11.     Plaintiff has distributed bread under the Arnold® brand since approximately 1998.

12.     The work of Plaintiff and other Distributors is central to Bimbo's business. Indeed, Bimbo's business – which primarily entails distributing bread to retail stores and other customers – could not possibly exist without the Distributors.

---

[2] https://www.bimbobakeriesusa.com/about-us (last visited Apr. 20, 2023).

13.    Throughout New Jersey, Bimbo pays individuals to transport and distribute the bread products to retail store customers of Bimbo within specific geographic areas designed by Bimbo that are referred to as "territories."

14.    Bimbo enters into contracts with Distributors, such as Plaintiff, who are required to deliver bread products to Bimbo's customers and perform basic product ordering and merchandising tasks pursuant to Bimbo's standard operating procedures for the customers in their assigned territory.

15.    On October 27, 2008, Plaintiff entered into a "Distribution Agreement" (hereinafter "Agreement"), with George Weston Bakeries Distribution, Inc. which detailed the terms of Distributors' work for Defendant and labels Distributors as "independent contractors." A copy of Plaintiff's Agreement is attached to this Complaint as **Exhibit A**. In 2009, Bimbo acquired George Weston Bakeries Distribution, Inc. The Agreement still governs Plaintiff's distribution of Bimbo products.

16.    Upon information and belief, the Agreement is substantially similar in substance to the Agreements signed by the putative Class Members that Plaintiff seeks to represent. While Distributors pay for the opportunity to enter into these Agreements and to secure an assigned distribution territory, Bimbo's right to control, and extensive actual control, over Plaintiff and Class Members is such that the Distributors are actually employees under New Jersey law. Plaintiff and Class members performed delivery and merchandising services on behalf of Bimbo in New Jersey, including, but not limited to, ordering and delivering bread.

17.    Bimbo has the right to control Distributors' work and, in fact, does exert control over their work.

18.    Plaintiff and other Distributors are not engaged in independently established trades,

4

occupations, professions, or businesses.  On the contrary, Distributors generally work exclusively for Bimbo.

19.    Bimbo has made various withholdings from the pay owed to Plaintiff and other Distributors for the transportation and distribution services they perform for Defendant in their assigned territories.  Many of the withholdings include, for example without limitation, handheld computer purchase charges and data fees called "Communication Charge[s]," as well as for "Paper & Supplies" and other "Miscellaneous Fees."

20.    In addition, Bimbo has diverted the pay owed to Plaintiff and other Distributors for the transportation and distribution of Defendant's products by requiring Distributors to cover business expenses they incur performing these services for Defendant.  These expenses include for example without limitation, gas expenses, tolls, vehicle maintenance repairs and upkeep, and insurance payments.

21.    In addition to these deductions, Bimbo subjects Plaintiff and Class members to other one-time deductions, such as, for example, a transfer fee equaling approximately 2% of the route sale price. **Ex. A** at ¶ 9.1 Bimbo has control over whether to approve a sale of Plaintiff's and Class members' route sales. *Id.* at ¶ 6.1.

22.     Distributors like Plaintiff pay for the opportunity to enter into an agreement for an assigned distribution territory. Bimbo's right to control, and extensive actual control, over Plaintiff and Class members is such that the distributors are actually employees under New Jersey law.

23.    Pursuant to New Jersey labor law, all workers are presumed to be employees unless and until all elements of the "ABC test" are found in the affirmative. *East Bay Drywall, LLC v. Dep't of Labor & Workforce Dev.*, 251 N.J. 477 (2022). Under the economic and practical realities of the relationship between the parties, Plaintiff and the Class members are employees of Bimbo

based upon their job requirements and obligations and the level of control that Bimbo exerts over their routes, as set forth herein. Their daily work is/was performed under the constant supervision, control, and strict scrutiny of Bimbo's and its management team.

24.    Bimbo retained the right to terminate Distributors' contracts for "failure to carry out the terms, conditions and obligations listed in this Article or elsewhere in this Agreement shall be considered a breach of this Agreement and shall entitle GWBD to terminate this Agreement..." **Ex. A** at ¶ 4.4.  The Article of the Agreement provides that in order to maximize its purchases, the Distributor agrees to:

      a.    "maintaining an adequate and fresh supply of Products in all Outlets; rotating Products to promoter their sales before the become stale or off code;"

      b.    "rotating Products to promote their sales before they become stale or off code;"

      c.    "promptly removing all stale or off code Products;"

      d.    "cooperating with GWBD or its affiliates in its marketing programs;"

      e.    "maintaining a computer assisted record-keeping system compatible with the system maintained by GWBD now or in the future;"

      f.    "providing service on a basis consistent with good industry practice to all Outlets requesting service in the Sales Area." **Ex. A** at ¶ 4.1.

25.    Corporate Defendants exert substantial control over the most basic aspects of Plaintiffs' work. For example, Corporate Defendants unilaterally determine food item prices; unilaterally negotiate with customers concerning product prices, promotional programs, and other merchandising issues; require Plaintiffs to stock store shelves pursuant to detailed "planograms"

and other directives; unilaterally adjust food item orders; dictate the circumstances under which food items must be removed from customers as stale; require Plaintiffs to deliver food products to unprofitable accounts; require Plaintiffs to participate in marketing programs determined solely by Corporate Defendants; require Plaintiffs to utilize inventory control and record-keeping systems developed exclusively by Corporate Defendants; and generally prohibit Plaintiffs from delivering competitors' food products. **Ex. A** at ¶ 4.1.

26.    Plaintiff has  regularly worked over 40 hours per week in a seven (7) day period, and, in fact, it is not unusual for Plaintiff to have worked 50 hours a week during busy weeks.

27.    Defendants do not pay Plaintiffs any overtime premium compensation for hours worked over 40 per week. This violates the NJWHL. N.J.S.A. 34:11-56a4(b)(1).

28.    The work performed by Plaintiff and the Class members was performed within Bimbo's places of business, including the "depots" and its routes it established.

29.    Plaintiff and the Class members do not have their own clientele and rely/relied exclusively upon Bimbo's for work.

30.    If Bimbo decides to terminate Plaintiff and/or the Class members' working relationship, Plaintiff and the Class members joined the ranks of the unemployed.

31.    Bimbo misclassified Plaintiff and the Class members knowingly and willfully.

32.    Bimbo paid Plaintiff and Class members under a common compensation plan and policy where the Distributors were paid a sales commission based on the quantity of items sold.

33.    As a result of Bimbo's misclassification of Plaintiff and the Class members as "independent contractors," Bimbo has failed to indemnify Plaintiffs and similarly situated Class members for employment-related expenses set forth above.

34.    As a result of Bimbo's misclassification of Plaintiff and the Class as "independent

contractors," Bimbo has willfully and knowingly subjected them to unlawful deductions and has failed to reimburse Plaintiff and other Class members for the types of expenses set forth above. Bimbo also failed to pay the proper overtime rate.

## **CLASS ACTION ALLEGATIONS**

35.    This action is brought by Plaintiff as a class action pursuant to Rule 23(b)(3) and for all claims asserted herein, on behalf of themselves and the following, initially defined, Class:

All persons or entities in New Jersey who performed work for Bimbo as a Distributor since February 9, 2017 (hereinafter "Class").

36.    Class action treatment of this action is appropriate because all of the class action requisites of Rule 23 are satisfied.  In particular:

37.    <u>Numerosity</u> –Although the exact number of Class members is uncertain and can only be ascertained through appropriate discovery, including discovery of Bimbo's records, the Class is so numerous that the joinder of all members is impracticable. The Class is comprised of an easily ascertainable set of persons or entities who performed worked for Bimbo as a Distributor since February 9, 2017. Despite incorporating two declarations, Corporate Defendants' Notice of Removal was silent as to the number of class members. ECF No. 1.

38.    <u>Commonality</u> – There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class members. Questions of law and fact are common to all class members because, *inter alia*, this action concerns Bimbo's common business policies, as described herein.   These common questions of law and fact include, without limitation:

a.    Whether Bimbo's engaged in the conduct as alleged herein;

b.    Whether Plaintiffs and the Class members were misclassified as "independent contractors" when they were actually employees;

c.    Whether Plaintiffs and the Class members were deprived the protections of employee status under the law;

d.    Whether Plaintiff and the Class members are entitled to damages, and the amount of such damages.

39.    <u>Typicality</u> – Plaintiff's claims are typical of the claims of the Class members in that Plaintiff, like all Class members, performed worked for Bimbo as a Distributor since February 9, 2017.

40.    <u>Adequacy of Representation</u> – Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff has retained counsel who are experienced in consumer class-action litigation. Plaintiff has no interests which are adverse to, or in conflict with, other members of the Class.

41.    <u>Superiority of Class Action</u> – A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation.  Moreover, absent a class action, most Class members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law. The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members, which would establish incompatible standards of conduct for Bimbo. In contrast, a class action presents far fewer management difficulties, conserves judicial as well as the parties' resources, and protects the rights of each Class member.

**COUNT ONE**

**VIOLATION OF THE NEW JERSEY WAGE PAYMENT LAW**
**(N.J.S.A. 34:11-4.2 and 34:11-4.4)**

42.      All previous paragraphs are incorporated as though fully set forth herein.

43.      Plaintiff and the Class members are employees entitled to the NJWPL's protections.

44.      Bimbo is an employer covered by the NJWPL that is required to pay Plaintiff and the Class members in accordance with the NJWPL.

45.      The NJWPL requires that Plaintiffs and other Class members receive all wages owed. N.J.S.A. 34:11-4.2.

46.      The NJWPL generally provides that "[n]o employer may withhold or divert any portion of an employee's wages." *See* N.J.S.A. §§ 34:11-4.4. The types of wage withholdings/diversions described above in Paragraph 34 are not exempted from this general prohibition.

47.      As set forth herein, Bimbo has misclassified Plaintiff and the Class members as independent contractors when they are actually employees under the NJWPL, thereby entitled to the protections and benefits of these laws.

48.      Bimbo has violated the NJWPL by subjecting Plaintiff and other Class members to the wage withholdings/diversions in violation of the NJWPL.

49.      Bimbo unlawful deductions from Plaintiff and the Class members' wages denied/denies them compensation to which they were/are legally entitled to receive.

**COUNT TWO**

**OVERTIME VIOLATION (N.J.S.A. 34:11-56a(4))**

50.      All previous paragraphs are incorporated as though fully set forth herein.

51.      Plaintiff and the Class members are employees entitled to NJWHL's protections.

52.     Bimbo is an employer covered by the NJWHL.

53.     The NJWHL provides that employees who work over 40 hours of working time in a workweek shall receive "1 ½ times such employee's regular hourly wage for each hour of working time in excess of 40 hours in any week." N.J.S.A. 34:11-56a4; *see also* N.J.A.C. 12:56-6.1 ("For each hour of working time in excess of 40 hours in any week, except for those exemptions set forth in N.J.S.A. 34:11-56a4 or as provided in N.J.A.C. 12:56-7.1, every employer shall pay to each of his or her employees, wages at a rate of not less than 1 1/2 times such employee's regular hourly wage.").

54.     By treating Plaintiff and the Class members as independent contractors, Bimbo fails to keep track of their hours of work.

55.     Bimbo violated N.J.S.A. 34:56a4 by failing to pay Plaintiff and Class members overtime premium compensation for hours worked over forty (40) hours during the workweek.

## PRAYER FOR RELIEF

**WHEREFORE**, based on the foregoing allegations, Plaintiff respectfully requests that the Court:

a)     Certify the putative Class;

b)     Appoint Plaintiff the Class Representative;

c)     Enter judgment against Bimbo and award the reimbursement to Plaintiff and the Class of all improper pay deductions, fees, charges, and/or other out-of-pocket expenditures;

d)     Issue a declaratory judgment that Bimbo's classification of Plaintiff and the other delivery driver Class members whom Plaintiff seeks to represent violates New Jersey law;

e)      Order Bimbo to pay all costs and fees, including attorneys' fees;

f)      Order Bimbo to pay liquidated damages pursuant to the New Jersey Wage Payment Law and/or the New Jersey Wage Theft Act during the Class period;

g)      Order Bimbo to pay pre- and post-judgment interest;

h)      Order all available injunctive relief; and

i)      Grant other such relief as the interests of justice may require.

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all questions of fact raised by the Complaint.

## <u>CERTIFICATION</u>

It is hereby certified that pursuant to L.Civ.R. 11.2, the matter in controversy is not presently the subject of any other action pending in any court or of an arbitration proceeding to date.

Dated: April 21, 2023              By:      */s/ Charles J. Kocher*
                                            Charles J. Kocher, Esq. (NJ ID 016952004)
                                            Tyler J. Burrell, Esq. (NJ ID 377942021)
                                            McOMBER McOMBER & LUBER, P.C.
                                            39 East Main Street
                                            Marlton, NJ 08053
                                            Phone: (856) 985-9800
                                            Fax: (856) 263-2450
                                            Email: cjk@njlegal.com
                                            Email: tjb@njlegal.com

                                            *Attorneys for Class Representative Plaintiff Craig Reid, on behalf of himself and all others similarly situated*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of April, 2023, I caused the foregoing First Amended

Class Action Complaint via electronic mail via ECF on counsel of record for Defendants.

*Charles J. Kocher*
Charles J. Kocher, Esq.